**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

_____

ONTARIO D. FONDREN,

        Petitioner,

v.                                                                  Case No. 08-CV-512

GREGORY GRAMS,

        Respondent.

_____

## ORDER

On June 12, 2008, petitioner Ontario D. Fondren filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial in Milwaukee County Circuit Court, Fondren was convicted of first degree reckless injury, first degree attempted homicide, and armed robbery, and he was sentenced to serve 70 years in prison. Fondren is currently confined at Columbia Correctional Institution in Portage, Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has

avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining Fondren's petition for timeliness. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears Fondren's petition is timely. According to the information provided in his federal habeas petition, Fondren's conviction will become final on Thursday, November 15, 2007, which is 90 days after the Wisconsin Supreme Court denied Fondren's petition for review. Fondren has until November 15, 2008, to file his petition; therefore, Fondren filed his petition within the one-year limitation period mandated by Section 2244(d)(1).

The court continues its Rule 4 review by examining Fondren's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider

the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition presents even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears from the face of Fondren's federal habeas petition he has exhausted his state remedies. Fondren claims in his petition that the trial court erred in calculating his sentence and that he suffered ineffective assistance of counsel. It appears Fondren presented these claims to the Wisconsin Court of Appeals and the Wisconsin Supreme Court for a ruling on the merits.

The court next reviews Fondren's petition under Rule 4 to determine whether his claim has been procedurally defaulted. Even though a constitutional claim in a federal habeas petition has been exhausted, the district court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A state prisoner procedurally defaults a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's

highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Hough*, 272 F.3d at 892. A state prisoner may also procedurally default a constitutional claim in a federal habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). In the event a federal habeas petition contains a constitutional claim which was procedurally defaulted for any reason, the district court may still review the claim, but only if the state prisoner can demonstrate adequate cause for his failure to raise the claim and actual prejudice as a result of the default, or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Id.* at 999.

Here, it appears Fondren's claims are not procedurally defaulted because the Wisconsin Court of Appeals addressed and denied his claims on the merits and discretionary review was sought in the Wisconsin Supreme Court.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Fondren's federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Because it does not plainly appear Fondren's claims are frivolous or speculative, the court will direct the respondent to file an answer to the petition.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison,

WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

**IT IS ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the claims in petitioner's petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge