# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ONTARIO D. FONDREN,

        Petitioner,

v.                                               Case No. 08-CV-512

GREGORY GRAMS,

        Respondent.

_____

## ORDER

On June 12, 2008, petitioner Ontario D. Fondren ("Fondren") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Fondren challenges his 1991 convictions for armed robbery, first-degree attempted homicide, and first-degree reckless injury in Milwaukee County Case Nos. F-902665 and F-902712. On July 11, 2008, this court issued an order setting a briefing schedule for the action. On September 10, 2008, respondent Gregory Grams ("Grams") filed a motion to dismiss Fondren's petition for failure to timely file. Grams asserts that the one-year statute of limitations for Fondren to challenge his convictions expired in 1999. This court agrees and will dismiss Fondren's petition as time-barred.

A petitioner in custody pursuant to a state court judgment has one year from the date on which the "judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). Under the statute, a judgment becomes final when direct review is concluded in the state courts or the time for seeking such review has expired. *Id.* This means that the statute of limitations does not begin to run until after all of the petitioner's direct criminal appeals in the state system are concluded, and after either:

a) the petitioner is granted or denied certiorari by the United States Supreme Court; or

b) expiration of the 90-day period allowed for filing for certiorari, if the petitioner chooses not to seek review by the United State Supreme Court. See *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Like all prisoner litigants filing for habeas relief, Fondren had one year within which to file his petition. However, well after the statute of limitations expired, Fondren filed his petition for a writ of habeas corpus, more than nine years after his state court judgment became final. The court will articulate the timeline for Fondren's statute of limitations period below.

Following his state convictions, Fondren appealed the court's judgment. On September 4, 1996, the Wisconsin Court of Appeals affirmed the circuit court. *See State v. Fondren*, Nos. 95-3260-CR and 95-3261-CR, unpublished slip op. (Wis. Ct. App. Sept. 4, 1996). Fondren then filed a petition for review, which the Wisconsin Supreme Court denied on November 20, 1996. If Fondren had not filed an additional motion, the statute of limitations on his 1991 convictions would have started to run ninety days after this denial.

However, on January 29, 1997, Fondren filed a motion for post-conviction relief under Wisconsin statute § 974.06. Under Section 2244, the statute of limitations period for a prisoner's suit does not run during the time when a petitioner's application for state post-conviction or other collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). Therefore, Fondren's filing of his post-conviction motion tolled the statute of limitations while the motion was pending.

The Milwaukee County Circuit Court denied Fondren's motion for post-conviction relief and he appealed the denial. On August 28, 1998, the Wisconsin Court of Appeals affirmed the circuit court's decision. *See State v. Fondren*, No. 97-1439, unpublished slip op. (Wis. Ct. App. Aug. 28, 1998). Fondren did not seek further review from the Wisconsin Supreme Court. Therefore, the statute of limitations on filing for habeas relief was tolled until 30 days after the August 28, 1998 Wisconsin Court of Appeals decision, the time permitted for Fondren to file a petition for review with the Wisconsin Supreme Court.

After expiration of the 30-day period, the state court judgment on Fondren's 1991 convictions was final and no pending motions for post-conviction relief remained. Therefore, the one-year statute of limitations period on Fondren's filing for habeas relief began to run in September 1998, and expired in September 1999. Clearly, Fondren's June 2008 petition for a writ of habeas corpus was not filed before the expiration of the statute of limitations.

Fondren filed a second motion for post-conviction relief, however, the second motion does not render his petition for a writ of habeas corpus timely filed because the statute of limitations expired in 1999. On December 22, 2005, Fondren again filed for post-conviction relief on his 1991 convictions with the Milwaukee County Circuit Court. The circuit court denied the motion for reconsideration on January 30, 2006. The Wisconsin Court of Appeals then affirmed the decision on June 12, 2007, and the Wisconsin Supreme Court denied Fondren's petition for review on August 14, 2007. Fondren's 2005 motion for post-conviction relief does not toll the statute of limitations because the motion was not "pending" prior to the expiration of the statute of limitations.

*See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (stating that a state court petition filed after the expiration of the statute of limitations period "cannot toll that period because there is no period to be tolled"); *See also Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005).

The statute of limitations period for Fondren to file for habeas relief expired in 1999 and he filed his petition for a writ of habeas corpus in 2008, rendering the petition untimely. Thus, the court is obliged to dismiss Fondren's petition for a writ of habeas corpus.

Accordingly,

**IT IS ORDERED** that Fondren's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that Gram's motion to dismiss for failure to timely file (Docket #7) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Gram's motion to stay time for filing an answer to the petition pending disposition of the respondent's motion to dismiss (Docket #9) is **DENIED** as moot.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge