UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ONTARIO D. FONDREN,

        Petitioner,

v.                                                   Case No. 08-CV-512

GREGORY GRAMS,

        Respondent.
_____

# ORDER

Ontario Fondren ("Fondren") filed his original petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on June 12, 2008. Fondren's petition challenged his 1991 Wisconsin state convictions for armed robbery, first-degree attempted homicide, and first-degree reckless injury. On October 22, 2008, this court issued an order dismissing Fondren's habeas petition as time-barred because the applicable one-year statute of limitations for the petition expired in 1999. In response, Fondren filed a motion for reconsideration arguing that the one-year statute of limitations should be set aside "in the best interest of justice." However, the court finds that Fondren cannot establish cause or a "miscarriage of justice" and will deny the motion.

The court interprets Fondren's argument to assert a cause or "miscarriage of justice" exception to the time bar, similar to the exception applicable when a habeas petitioner procedurally defaults his federal claims in state court. This court

dismissed Fondren's habeas petition because it was filed outside of the one-year period provided for filing such petitions by 28 U.S.C. § 2244(d)(1)(A) and not because his claims were procedurally defaulted. Procedural default occurs when the petitioner fails to raise his claim in a manner prescribed by state procedural laws, or fails to raise the claim before the state supreme court in a timely fashion. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

Courts can hear procedurally-defaulted habeas claims under a narrow exception. A court may consider a defaulted claim for federal habeas review only if the petitioner can establish cause and prejudice for the default or establish that the failure to consider the claim would result in a fundamental miscarriage of justice. *Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008) (citing *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008)). Cause sufficient to excuse procedural default is an "objective factor external" to the defense which prevents a petitioner from pursuing his constitutional claim in state court. *Holleman v. Cotton*, 301 F.3d 737, 744 (7th Cir. 2002). Alternatively, a petitioner can show a "fundamental miscarriage of justice" warranting habeas relief despite procedurally defaulted claims if he can show actual innocence. *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). In order to show "actual innocence," a petitioner must provide "clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." *Id.*

-2-

Fondren attempts to apply the exception for procedurally-defaulted claims to his time-barred claims. However, neither the Seventh Circuit nor the United States Supreme Court has recognized a similar exception that would "overcome a failure to file the petition in a timely manner." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005) (citing *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004)). Further, even if such an exception applies to time-barred claims, Fondren fails to make the necessary showing of cause or actual innocence.

Fondren makes no showing that an "objective external factor" prevented him from filing a timely habeas petition. The statute of limitations period for Fondren's petition expired more than eight years prior to his 2008 filing. He offers no explanation for this delay. Thus, he fails to establish cause or prejudice.

In addition, Fondren makes no showing that he is "actually innocent" of the underlying crimes and the court finds no support for such a claim. Fondren argues two bases for habeas relief: 1) ineffective assistance of appellate counsel; and 2) state court failure to take into account that he did not play a "major" role in the offense when imposing sentence. Nowhere in his petition does Fondren provide "clear and convincing evidence" that without these alleged errors he would not have been convicted. Indeed, Fondren's arguments involve alleged errors in his sentencing and appeal and do not challenge his underlying convictions.

No cause or fundamental miscarriage of justice exists requiring the court to consider Fondren's habeas petition despite its untimely nature. Therefore, the court will deny the motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Fondren's motion for reconsideration (Docket #15) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-4-

Case 2:08-cv-00512-JPS   Filed 03/11/09   Page 4 of 4   Document 16